FILED
DEC 22 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **4:16CR00549 RLW/JMB** |
| v. ) | |
| ) | |
| REGINALD COOPER, ) | |
| ) | |
| Defendant. ) | |

**INDICTMENT**

**COUNT 1**

(Conspiracy to Defraud)

The Grand Jury charges:

A.   Introduction

1.   The United States Environmental Protection Agency is an agency of the United States federal government which was created for the purpose of protecting human health and the environment by writing and enforcing regulations based on laws passed by Congress. It designated the Missouri counties of St. Charles, St. Louis, Franklin, and Jefferson and the city of St. Louis as an ozone nonattainment area because they did not meet the federal health-based air quality standards for ground level ozone, a strong lung irritant.

2.   The State of Missouri initiated the Gateway Vehicle Inspection Program in 2007 in a continuing effort to improve air quality in the designated nonattainment area as required by the federal government. As a result, the State subjects all vehicles registered in the area to a combined emissions test and safety inspection.

1

3.  In order to ensure that all vehicles registered in the nonattainment area have met the emissions standards established by the State of Missouri and the United States Environmental Protection Agency, the State of Missouri Department of Revenue requires that residents and businesses of the Missouri counties of St. Charles, St. Louis, Franklin, and Jefferson and the city of St. Louis present evidence that vehicles registered in the area have passed the emissions test.

4.  Registration requires the owners to submit documents which may include: an application for a certificate of title; bill of sale; proof of insurance; proof of safety and emissions inspection; and, proof of residence. Since owners of vehicles in Missouri must pay annual property taxes based upon the value of their vehicles, owners are also required to submit evidence of payment of their personal property taxes.

5.  If the vehicle was purchased with a loan, the lender secures its interest by completing the section of the title application designated for the lienholder. The State of Missouri records the lien in its database until such time as the funds are repaid, and the lienholder or lender notifies the State of Missouri that it is releasing its lien. It also records the lien on the title that is sent to the owner of the vehicle. Until such time as the lien is satisfied, the State of Missouri will not issue a title that does not list the lender as the first lienholder regardless as to whether the car is resold and another lender seeks to secure its interest in the same property.

B.  **Conspiracy**

Beginning as early as July 1, 2014 and continuing through on or about February 6, 2015, in the Eastern District of Missouri and elsewhere, the defendant,

**REGINALD COOPER,**

and persons known and unknown to the Grand Jury did unlawfully, willfully, and knowingly combine, conspire, and agree to commit the offense against the United States of making false statements in a matter within the jurisdiction of a department or agency of the United States, in violation of Title 18, United States Code, Section 1001.

C.  **Overt Acts**

In furtherance of and to effect the objects of the conspiracy, **REGINALD COOPER, B.S.,** and other persons known and unknown to the Grand Jury committed and caused to be committed one or more of the following overt acts in the Eastern District of Missouri and elsewhere;

1. As early as July 1, 2014, **B.S.**, an employee of the Department of Revenue North County Licensing Office, was approached by defendant **REGINALD COOPER,** and other individuals and business representatives wishing to avoid their responsibilities to provide proof of payment of their personal property taxes, evidence of financial responsibility for their vehicles, and proof that their vehicles met the safety and emissions standards of the State of Missouri.

2. On or about July 17, 2014, defendant **REGINALD COOPER** provided a cash payments and gifts to **B.S.** in order to obtain a motor vehicle registration for a 1993 Lexus without presenting evidence of a safety and emissions inspection and payment of personal property taxes.

3. On or about August 6, 2014, defendant **REGINALD COOPER** provided a gratuity to **B.S.** in order to obtain a motor vehicle registration for a 2002 Jaguar without

3

presenting evidence of a safety and emissions inspection and payment of personal property taxes.

4.     Between on or about July 17, 2014 until on or about August 6, 2014, through electronic transmissions from the North County Licensing Office, **B.S.** falsely represented to the State of Missouri Department of Revenue that defendant **REGINALD COOPER** had produced evidence that his 1993 Lexus met the safety and emissions standards of the State of Missouri and that his 2002 Jaguar had passed a safety and emissions inspection from another state.

5.     As a result of the false transmissions made by **B.S.**, on or about July 17, 2014, the State of Missouri issued a motor vehicle registration to defendant **REGINALD COOPER** for his 1993 Lexus.

6.     As a result of the false transmissions made by **B.S.**, on or about August 6, 2014, the State of Missouri issued a motor vehicle registration to defendant **REGINALD COOPER** for his 2002 Jaguar.

In violation of Title 18, United States Code, Section 371.

## COUNT 2

(Making a False Statement)

The Grand Jury realleges the facts set forth in paragraph A of Count 1 and further charges that:

B.     On or about July 17, 2014, in the Eastern District of Missouri, the defendant,

**REGINALD COOPER,**

in a matter within the jurisdiction of the United States Environmental Protection Agency, an agency of the United States, did willfully and knowingly cause to be made a materially false, fictitious, and fraudulent statement and representation, that he had produced evidence of having passed a state emissions inspection for a 1993 Lexus, when in truth and in fact, as defendant **REGINALD COOPER** well knew, he did not submit evidence that his vehicle had passed a State of Missouri motor vehicle emissions inspection.

In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 3

(Making a False Statement)

The Grand Jury realleges the facts set forth in paragraph A of Count 1 and further charges that:

B.     On or about August 6, 2014, in the Eastern District of Missouri, the defendant,

**REGINALD COOPER,**

in a matter within the jurisdiction of the United States Environmental Protection Agency, an agency of the United States, did willfully and knowingly cause to be made a materially false, fictitious, and fraudulent statement and representation, that he had produced evidence of having passed a state emissions inspection for a 2002 Jaguar from a state other than the State of Missouri, when in truth and in fact, as defendant **REGINALD COOPER** well knew, he did not submit evidence that his vehicle had passed a vehicle emissions inspection by any state.

In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 4

(Mail Fraud)

The Grand Jury realleges the facts set forth in paragraph A of Count 1 and further charges that:

B.  **The Scheme to Defraud**

1. Beginning on or about October 5, 2012 and continuing to on or about March 5, 2015, in the Eastern District of Missouri, the defendant

**REGINALD COOPER,**

devised, and intended to devise, a scheme and artifice to defraud the State of Missouri, merchants, and financial institutions, by means of materially false and fraudulent pretenses, representations and promises that, his 2002 Jaguar was properly registered in Missouri and he was employed by Coopers Care earning $3,800.00 a month.

2. It was part of the scheme and artifice to defraud that:

a.  On October 5, 2012, defendant submitted an application to TitleMax, a title loan company, seeking a loan secured by a title on his 2002 Jaguar.

b.  Defendant falsely stated on his loan application that he was employed by Coopers Care earning $3,800.00 a month.

c.  TitleMax granted the loan, and secured it through Wells Fargo Bank.

d.  The State of Missouri sent a copy of the title for the Jaguar to the defendant listing TitleMax as the first lienholder.

e.  Defendant failed to make any payments on the title loan.

f.  TitleMax began repossession efforts in 2012.

    g.    On September 10, 2013, R.H. sought the issuance of a duplicate title claiming that the original title was lost by submitting a power of attorney form to the State of Missouri which bore the name, and purported signature of the defendant.

    h.    The State of Missouri issued a duplicate title to the defendant for the 2002 Jaguar, and mailed it to R.H. as instructed in the application for a duplicate title.

    i.    In March 2015, TitleMax repossessed the vehicle due to the failure to make payments on the loan.

### C. **The Mailing**

3.    On or about October 12, 2012, in the Eastern District of Missouri, the defendant,

**REGINALD COOPER,**

for the purpose of executing the above-described scheme to defraud, did knowingly cause to be deposited a letter containing a motor vehicle title for a 2002 Jaguar owned by the defendant establishing TitleMax of Missouri as the lienholder which was sent and delivered by the United States Postal Service and a private and commercial interstate carrier from the State of Missouri Department of Revenue to TitleMax of Missouri, 6212 Dr. Martin Luther King Dr. Suite D, Saint Louis, Missouri 63133-2436.

In violation of Title 18, United States Code, Section 1341.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney